# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| CATHY JEAN LANE §<br>*Plaintiff*, §<br>§<br>vs. §<br>§ Civil Action No. 4:18-cv-02313<br>VICENTE A. RAMIREZ, §<br>ELEMENT FLEET §<br>CORPORATION FORMERLY §<br>D/B/A GELCO CORPORATION, §<br>AND TNC (US) HOLDINGS, INC. §<br>*Defendants*. § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Cathy Jean Lane files this Plaintiff's Second Amended Complaint, complaining of Vicente A. Ramirez, Element Fleet Corporation formerly d/b/a Gelco Corporation, and TNC (US) Holdings, Inc., Defendants. For cause of action, Plaintiff would show the Honorable Court as follows:

### A. PARTIES

1. Plaintiff, Cathy Jean Lane is an individual and is a citizen of the State of Texas.

2. Defendant Vicente A. Ramirez is an individual and a citizen of the State of Arkansas. He has been served with process and filed an answer in this case.

3. Defendant Element Fleet Corporation formerly d/b/a Gelco Corporation is a corporation that is incorporated under the laws of the State of Minnesota. Its principal place of business is in the State of Minnesota. Defendant conducts business in the State of Texas and has been served with process and filed an answer in this case.

1

4. Defendant TNC (US) Holdings, Inc. (previously sued under the misnomers "AC Nielsen (US), Inc." and "The Nielsen Company, LLC") is a for-profit corporation that is incorporated under the laws of the State of Delaware. It's principal place of business is in the State of Illinois. Defendant conducts business in the State of Texas and has been served with process and filed an answer in this case.

### B. JURISDICTION

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

### C. VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Specifically, the collision that is the subject of this lawsuit occurred on SH-99 and Valley Ranch Boulevard in Montgomery County, Texas.

### D. CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

### E. FACTS

8. Defendant TNC (US) Holdings, Inc., based on information and belief, hired, qualified, trained, and retained Defendant Vicente A. Ramirez in a job that required him to drive on the public roadways of Montgomery County, Texas.

2

At all times relevant to this lawsuit, Defendant Ramirez was acting in the course and scope of his actual and/or statutory employment with Defendant TNC (US) Holdings, Inc.

9. Defendant Element Fleet Corporation formerly d/b/a Gelco Corporation (hereinafter referred to as "Element Fleet") was the owner of the vehicle driven by Defendant Ramirez. Defendants Element Fleet and TNC (US) Holdings, Inc. entrusted the vehicle to Defendant Ramirez who was a reckless, unlicensed, and/or incompetent driver.

10. On December 19, 2017, Plaintiff Cathy Jean Lane was driving her vehicle westbound on the frontage road of SH 99. Defendant Ramirez, traveling north on Valley Ranch Boulevard, drove through the stop sign and didn't yield to the oncoming traffic. Defendant Ramirez collided into Plaintiff's vehicle causing her injuries and damages.

### F. COUNT 1 - NEGLIGENCE AGAINST VICENTE A. RAMIREZ

11. Defendant Vicente Ramirez was negligent in the operation of his motor vehicle. Defendant Ramirez had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant breached that duty in on or more of the following ways:

   a. Failed to yield the right of way;

   b. Failed to keep a proper lookout;

   c. Failed to control his speed;

   d. Failed to timely apply his brakes; and,

  e.  Failed to drive as a reasonable person would have driven under similar circumstances.

12. As a direct and proximate result of this negligence, Plaintiff Cathy Jean Lane suffered injuries and damages.

### G. COUNT 2 - NEGLIGENCE AGAINST DEFENDANT TNC (US) HOLDINGS, INC.

13. Defendant TNC (US) Holdings, Inc. is vicariously liable for the negligence of Defendant Vicente A. Ramirez under the doctrine of respondeat superior. Furthermore, based on the facts of this collision, Defendant TNC (US) Holdings, Inc. was negligent in the qualification, hiring, training, supervision, and retention of Defendant Ramirez.

14. As a direct and proximate result of this negligence, Plaintiff Cathy Jean Lane suffered injuries and damages.

### H. COUNT 3 - NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT TNC (US) HOLDINGS, INC.

15. Defendant TNC (US) Holdings, Inc. entrusted a vehicle to Defendant Ramirez, whom, based on the facts of this collision, was a reckless, unlicensed, and/or incompetent driver. Defendant TNC (US) Holdings, Inc. knew or should have known Defendant Ramirez was reckless, unlicensed, and/or incompetent driver. Defendant Ramirez was negligent at the time of Plaintiff's injuries, as set out above. Defendant TNC (US) Holdings, Inc. could have reasonably anticipated that entrusting a vehicle to a reckless, unlicensed, and/or incompetent driver would result in injury.

4

16. As a direct and proximate result of this negligence, Plaintiff Cathy Jean Lane suffered injuries and damages.

## I. COUNT 4 - NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT ELEMENT FLEET

17. Defendant Element Fleet entrusted a vehicle to Defendant Ramirez, whom, based on the facts of this collision, was a reckless, unlicensed, and/or incompetent driver. Defendant Element Fleet knew or should have known Defendant Ramirez was reckless, unlicensed, and/or incompetent driver. Defendant Ramirez was negligent at the time of Plaintiff's injuries, as set out above. Defendant Element Fleet could have reasonably anticipated that entrusting a vehicle to a reckless, unlicensed, and/or incompetent driver would result in injury.

18. As a direct and proximate result of this negligence, Plaintiff Cathy Jean Lane suffered injuries and damages.

## J. DAMAGES

19. As a direct and proximate result of Defendants' conduct, Plaintiff Cathy Jean Lane suffered the following injuries and damages:

    a. Medical expenses in the past and future;

    b. Physical pain and mental anguish in the past and future;

    c. Loss of earnings and loss of future earning capacity;

    d. Physical impairment in the past and future; and,

    e. Disfigurement in the past and future.

## K.   JURY DEMAND

20. In conformity with Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial.

## L.   PRAYER

21. For these reasons, Plaintiff asks for judgment against Defendants for the following:

    a. Monetary relief of over $200,000.00 but not more than $1,000,000.00;

    b. Prejudgment and post-judgment interest;

    c. Court costs; and,

    d. Any other relief which the Court deems appropriate.

22. Plaintiff prays that citation be issued and Defendants be served, and upon trial on the merits, the Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual damages, together with prejudgment interest, post judgment interest, court costs, and any other relief Plaintiff is justly entitled to.

Respectfully Submitted,

COWEN | RODRIGUEZ | PEACOCK

*/s/ Natalie M. Arledge*

_____
Natalie M. Arledge
Texas Bar No. 24073464
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
Email: efilings@cowenlaw.com
Telephone: (210) 941-1301
Facsimile: (956) 504-3674

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered, in the required manner, to all counsel of record in accordance the applicable Rules of Civil Procedure on December 3, 2018:

Wade R. Quinn                                        *Via E-File*
Lance Olinde, Jr.
RAMEY, CHANDLER, QUINN & ZITO, P.C.
750 Bering Drive, Suite 600
Houston, Texas 77057
Attorneys for Defendants


                                                     */s/ Natalie M. Arledge*
                                                     Natalie M. Arledge

8