IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATHY JEAN LANE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-2313 |
| | § | |
| ELEMENT FLEET CORPORATION, | § | |
| f/d/b/a Gelco Corporation, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants Element Fleet Corporation and TNC (US) Holdings, Inc.'s Partial No Evidence Motion for Summary Judgment (Document No. 49). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

This is a personal injury case arising from a vehicle collision. On December 19, 2017, Plaintiff Cathy Jean Lane ("Lane") was involved in a vehicle collision with Defendant Vicente A. Ramirez ("Ramirez"). At the time of the collision, Defendant TNC (US) Holdings, Inc. ("TNC") employed Ramirez as a driver and leased the vehicle driven by Ramirez from Defendant Element Fleet Corporation ("Element"), formerly doing business as Gelco Corporation. Lane alleges Ramirez drove through

a stop sign and hit Lane's vehicle, causing bodily injury and damage. Lane further alleges TNC and Element (collectively, "Corporate Defendants") negligently entrusted the vehicle to Ramirez, who was reckless, unlicensed, or incompetent.

Based on the foregoing, on July 5, 2018, Lane commenced suit against Ramirez, TNC, and Element in this Court on the basis of diversity jurisdiction. Lane asserts claims: (1) for negligence against Ramirez and TNC; and (2) for negligent entrustment against Corporate Defendants. On November 18, 2019, Corporate Defendants moved for partial summary judgment as to Lane's negligent entrustment claims.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A

dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the

mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

Corporate Defendants move for partial summary judgment, contending Lane cannot establish a claim for negligent entrustment against either of the Corporate Defendants. Lane objects to Corporate Defendants' summary judgment evidence and contends summary judgment is inappropriate as to the negligent entrustment claims against Corporate Defendants. The Court considers Lane's objection to Corporate Defendants' summary judgment evidence before addressing the parties' contentions as to the negligent entrustment claims.

A.  *Lane's Objection to Defendants' Summary Judgment Evidence*

Lane objects to Corporate Defendants' exhibit producing Ramirez's alleged motor vehicle reports (the "MV Reports") on the basis of authentication. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form." *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017). Cited material need only

4

be capable of being presented in a form that would be admissible in evidence. *See id.*; Fed. R. Civ. P. 56(c)(2).

Corporate Defendants produce the MV Reports to support the contention Ramirez was not an incompetent or reckless driver.[1] The MV Reports indicate the information is provided by the State of Arkansas and show Ramirez's driver ratings.[2] Corporate Defendants also produce the deposition of TNC corporate representative, Jeffrey Crupper ("Crupper").[3] In Crupper's deposition, Crupper indicates: (1) the MV Reports belong to Ramirez as part of his personnel file; (2) how frequently the MV Reports were generated; and (3) the MV Reports were used as part of TNC's driver safety program.[4] Having reviewed the MV Reports and Crupper's deposition, the Court finds the MV Reports are capable of being presented in a form that would be admissible in evidence. Thus, Lane's objection to the authenticity of the MV Reports is overruled at this procedural stage.

---

[1] *Defendants Element Fleet Corporation and TNC (US) Holdings, Inc.'s Partial No Evidence Motion for Summary Judgment*, Document No. 49 at 8 [hereinafter *Defendants' Motion for Summary Judgment*].

[2] *Defendants' Motion for Summary Judgment*, *supra* note 1, Exhibit B at 18–21 (*Ramirez's Motor Vehicle Reports*).

[3] *Defendants' Motion for Summary Judgment*, *supra* note 1, Exhibit C at 1 (*Deposition of Jeffrey Crupper*).

[4] *Defendants' Motion for Summary Judgment*, *supra* note 1, Exhibit C at 18–21 (*Deposition of Jeffrey Crupper*).

### B. Lane's Negligent Entrustment Claims

Corporate Defendants move for partial summary judgment as to Lane's negligent entrustment claims. The parties agree Texas law governs this dispute. Because federal jurisdiction in this case is based on diversity, the Court looks to Texas substantive law. *See Preston Exploration Co., L.P. v. GSF, L.L.C.,* 669 F.3d 518, 522 (5th Cir. 2012) (citing *Erie R.R. v. Tompkins,* 304 U.S. 64, 78–79 (1938)).

To establish a claim for negligent entrustment under Texas law, a plaintiff must prove, *inter alia*, the defendant entrusted a vehicle to an unlicensed, incompetent, or reckless driver. *See Wright v. Weaver,* 516 F. App'x 306, 309 (5th Cir. 2013) (per curiam) (citing *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex. 1987)). The parties do not dispute that Ramirez was a licensed driver at the time of the collision. Rather, Corporate Defendants contend Lane has no evidence to prove Ramirez was an incompetent or reckless driver. Lane contends Ramirez was an incompetent or reckless driver, as evidenced by: (1) Ramirez's driving history; and (2) Ramirez's mental state at the time of the collision.

First, Corporate Defendants contend Ramirez's driving history lacks sufficient frequent and recent citations or driving violations to show Ramirez was an incompetent or reckless driver. Lane contends Ramirez's driving history is sufficient to create a genuine dispute of material fact as to incompetence or recklessness because Ramirez had: (1) a red-light camera citation prior to the collision; and (2) a

driving under the influence ("DUI") arrest and charge from 2012.[5] A plaintiff may use evidence in the driver's driving history to show the driver was incompetent or reckless. *See id.* at 311. When determining whether a driver's driving history is sufficient to establish incompetence or recklessness, Texas courts consider the number and remoteness of driving violations. *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 653 (S.D. Tex. 2016) (Harmon, J.). A DUI conviction from five years before the collision in question is too remote to create a fact issue when determining a driver's incompetence or recklessness. *See id.* (citing *Beall v. Cooke*, No. 01-00-00150-CV, 2001 WL 699915, at *4 (Tex. App. – Hous. [1st Dist.] June 21, 2001, no pet.)).

Corporate Defendants produce the MV Reports ranging from August 9, 2016, through February 12, 2019.[6] The MV Reports do not show any driving violations or citations reported by the State of Arkansas. In response, Lane produces evidence to show Ramirez received a red-light camera citation, sent by mail to Element, prior to

---

[5] Lane also lists two other citations that Ramirez allegedly received: (1) a citation for the collision on December 19, 2017; and (2) a speeding citation from sometime in 2018. *Plaintiff Cathy Lane's Response to Defendants' No-Evidence Motion for Summary Judgment*, Document No. 16 at 7. The determination of whether a driver was incompetent or reckless must be established as of the time of the alleged negligent entrustment. *See Wright*, 516 F. App'x at 309. Because both of the alleged citations were after the alleged negligent entrustment of the vehicle to Ramirez by Corporate Defendants, the Court does not consider these alleged citations in its analysis.

[6] *Defendants' Motion for Summary Judgment*, *supra* note 1, Exhibit B (*Ramirez's Motor Vehicle Reports*).

the collision.[7] Lane further produces evidence showing Ramirez was arrested and charged for DUI in Texas in 2012.[8] The Court finds the DUI from 2012, five years before the collision, is too remote in time to create a fact issue as to Ramirez's alleged incompetence or recklessness. The Court further finds the single red-light camera citation, even considered with the 2012 DUI, is insufficient to establish Ramirez was an incompetent or reckless driver. Thus, the Court finds Lane fails to establish a genuine dispute of material fact as to whether Ramirez was an incompetent or reckless driver based on Ramirez's driving history.

Second, Lane contends Ramirez was in a distracted mental state at the time of the collision, because of Ramirez's cell phone usage leading up to the collision. Corporate Defendants contend Lane has no evidence to support Ramirez was in a distracted mental state at the time of the collision. Negligent entrustment may be established by showing the defendant entrusted a vehicle to a driver while the driver was physically or mentally incapacitated, intoxicated, or lacking in judgment or perception. *Wright*, 516 F. App'x at 311 (citing *Revisore v. West*, 450 S.W.2d 361, 364 (Tex. Civ. App.—Hous. [14th Dist.] 1970, no writ)).

---

[7] *Plaintiff Cathy Lane's Response to Defendants' No-Evidence Motion for Summary Judgment*, Document No. 16, Exhibit C at 45–46 (*Deposition of Jeffrey Crupper*).

[8] *Plaintiff Cathy Lane's Response to Defendants' No-Evidence Motion for Summary Judgment*, Document No. 16, Exhibit D at 15–16 (*Deposition of Vicente Ramirez*).

Lane produces evidence showing Ramirez: (1) made four cell phone calls between 2:06 p.m. and 2:16 p.m, each lasting no more than six minutes; and (2) took an incoming call at 2:22 p.m. that lasted twenty-one minutes.[9] However, Lane fails to produce evidence showing Ramirez's cell phone usage occurred while driving. In addition, the collision occurred at approximately 3:04 p.m., more than twenty minutes after completion of the last recorded call.[10] The Court finds Lane fails to show Ramirez was physically or mentally incapacitated, intoxicated, or lacking in judgment or perception. Thus, the Court finds Lane fails to establish a genuine dispute of material fact as to whether Ramirez was an incompetent or reckless driver based on being in a distracted mental state. Accordingly, the motion for partial summary judgment is granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

---

[9] *Plaintiff Cathy Lane's Response to Defendants' No-Evidence Motion for Summary Judgment*, Document No. 16, Exhibit E (*Call Log of Ramirez's Cell Phone*).

[10] *Plaintiff Cathy Lane's Response to Defendants' No-Evidence Motion for Summary Judgment*, Document No. 16, Exhibit F (*Certified Police Crash Report*).

**ORDERS** that Defendants Element Fleet Corporation and TNC (US) Holdings, Inc.'s Partial No Evidence Motion for Summary Judgment (Document No. 49) is **GRANTED**.[11]

SIGNED at Houston, Texas, on this **17** day of March, 2020.

DAVID HITTNER
United States District Judge

---

[11] The Court notes Corporate Defendants only moved for summary judgment as to Lane's negligent entrustment claims. Therefore, in light of the Court's Order, only Lane's negligence claims against Ramirez and TNC remain pending.